TUTTLE, Trustee, etc., *v.* CLAFLIN and others.

*(Circuit Court, S. D. New York.* March 10, 1884.)

1. PATENTS—CRIMPING-MACHINE—PATENT No. 37,033.
    The first claim of patent No. 37,033, for an improvement in frilling and crimping machines, being limited by its terms to a combination in which the blade acts to space the crimps as well as to form them, is not infringed by a crimper which does not space the crimps.
2. SAME—CRIMPER AND SMOOTHER—SECOND CLAIM.
    The specifications for the second claim of the same patent, describing a combined crimper and smoother, point out the method in which the parts can operate without spacing the crimps, and the claim is infringed by a machine which crimps and smooths the cloth by a similar device.

*C. B. Stoughton,* for complainant.

*Vanderpoel, Green & Cuming,* for defendants.

WALLACE, J. The complainant's patent, (No. 37,033, Crosby & Kellogg, patentees, granted December 2, 1882,) for an improvement in frilling and crimping machines, describes and claims devices which constitute distinct inventions residing in the same machine. The devices for forming and spacing the frill or crimp, and those for securing them in place after it is formed, accomplish distinct results, both of which are useful, and either of which would support a patent. The devices also co-operate to make the stitched plait. The sewing mechanism is essential only for making the complete or stitched plait. The claims of the patent cover all the devices in combination, and also the sub-combinations, which are operative only in forming and spacing the frills or plaits. The first claim covers the crimping devices with and without the stitching mechanism. It is limited, however, by its terms to a combination in which the blade or crimper acts to space the crimps as well as to form them. The defendants' crimper does not act to space the crimps, and they do not therefore infringe this claim. The second claim is as follows: "In combination, a crimper and a smoother, substantially such as described, and acting substantially as specified, to fold the crimps to an edge." The crimper described in the specification is a blade actuated by a cam and spring, and its mode of operation is to engage the cloth, advance and make a crimp of the cloth lying between it and the holder, and shove the cloth along under the holder; it then retreats for another advance. While it moves forward to crimp it acts as a crimper. After the crimp is formed it acts as a spacer to space the crimps apart, and as a pusher to force the goods through the machine. The space between the crimps depends upon the length of advance of the crimper after the crimp is formed, which is determined and made adjustable by other mechanism. The crimper which is included in this claim is one which is to operate in combination with the other necessary co-operative parts substantially in the manner thus pointed out. It may operate effectively to fold the crimp to an edge without

spacing them regularly, and in this regard may be an improvement upon the Singer, or Arnold, or Magic ruffle contrivance. In describing their invention, the patentees state. that the invention "consists essentially of two parts,—the one for forming the crimps, and the other for securing them in place after they are formed;" and they then proceed to say that "the mechanism for forming the crimps consists of a crimper which both forms and spaces them." The specification plainly describes how the parts can operate to fold the crimps to an edge without spacing them. The language of the claim is apt and precise to cover such a combination, and clearly distinguishes the functions of the operative parts from those assigned to the parts in the first claim.

While the defendants' machines do not employ a crimper which operates independently to space the crimps, their crimper and smoother effect the operation of folding the crimps to an edge, and their devices in this behalf are the substantial equivalents of those in the combination described in the second claim. In their machines the spacing is done by revolving rolls or holder, which, after each crimp is formed, advances the cloth, while the blade is retreating through a distance equal to the space between the successive crimps.

The second claim and the fourth claim of the patent are infringed. The fifth claim is not infringed, as the defendants have no auxiliary smoother such as is described in the patent.

The decree is ordered for the complainant, adjudging infringment of the second and fourth claims of the patent.